United States District Court
District of Massachusetts

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
          v.                   )
                               )    Criminal No.
ARTHUR GIANELLI, MARY ANN      )    05-10003-NMG
GIANELLI, FRANK IACOBONI, DENNIS )
ALBERTELLI, RANDY ALBERTELLI,  )
GISELE ALBERTELLI, RAFIA FEGHI,)
and JOSEPH YERARDI,            )
          Defendants.          )
_____)
```

MEMORANDUM & ORDER

**GORTON, J.**

In this criminal case, one of the eight remaining defendants has moved to vacate this Court's order requiring the interlocutory sale of her home. The government opposes that motion and has moved to compel compliance with the interlocutory sale order.

## I. Background

On March 7, 2008, this Court ordered the interlocutory sale of the property of defendant Mary Ann Gianelli ("Mary Ann"). That order, entered over the objection of Mary Ann, gave the Internal Revenue Service ("the IRS") the authority to market and sell property located at 420 Main Street in Lynnfield, Massachusetts ("the Lynnfield Property"). It also required Mary Ann and her husband, defendant Arthur Gianelli ("Gianelli"),

-1-

promptly to execute all documents necessary to transfer possession and title of the subject property to the United States.

The Lynnfield Property is the Gianellis' residence. It was apparently valued at just over $2 million in 2005, but at only $970,000 in the fall of 2008. The property is owned by a trust, the trustee of which is Mary Ann and the beneficiaries of which are Mary Ann and the Gianellis' two children.

The Lynnfield Property is subject to forfeiture allegations in the Second Superseding Indictment. In February, 2006, this Court entered a restraining order that required the Gianellis "to maintain the present condition of [the Lynnfield Property], including timely payment of all mortgage payments." Notwithstanding that order, the Gianellis stopped making mortgage payments in April, 2007, and the mortgage is currently in default. The mortgagee, Countrywide Home Loans, Inc. ("Countrywide"), has stated that, but for the restraining order entered in this case, it would have commenced foreclosure proceedings.

In June, 2007, the government moved for the interlocutory sale of the Lynnfield Property pursuant to 21 U.S.C. § 853(e)(1). In support the government noted the Gianellis failure to make mortgage payments and the existing default judgment arising out of Arthur Gianelli's violation of his bail conditions. The

government argued that an arms-length commercial sale by the United States would result in a higher purchase price (to the benefit of all parties) than a foreclosure sale or bail forfeiture sale, both of which would proceed by auction. This Court granted the government's motion, without an opinion, in the March, 2008 interlocutory sale order ("the interlocutory sale order").

In August, 2008, Mary Ann filed a motion to preclude law enforcement officers from accompanying a real estate appraiser into her home (Docket No. 516) and a motion to vacate the interlocutory sale order (Docket No. 520). The government opposes those motions and has moved to compel compliance with the interlocutory sale order (Docket No. 517). The issues have since been thoroughly briefed, with both sides filing multiple oppositions and replies.

On September 17, 2008, the government and Mary Ann filed a joint motion to defer all rulings relating to the appraisal and interlocutory sale of the Lynnfield Property. In that motion the parties informed the Court that an agreement had been reached with respect to appraisal and that the result of the appraisal might obviate the need for a ruling on the remaining motions. On December 22, 2008, however, the government indicated that it wanted to go forward with an interlocutory sale, and thus renewed its request that this Court deny Mary Ann's motion to vacate and

allow the government's motion to compel.  A hearing on those motions was held January 12, 2009.

## II.  Analysis

This Court concludes that there is no justification for vacating its previously entered interlocutory sale order. Contrary to the defendant's assertion, there has been no material change in circumstances since that order was entered nearly one year ago.  The mortgage on the Lynnfield Property is still in default and payments are not being made.  Thus, the equity in the property available to the government in the event forfeiture is ordered continues to diminish.

This Court is authorized by statute to "take any . . . action to preserve the availability of property" subject to forfeiture.  See 21 U.S.C. § 853(e)(1) (incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c)).  Here, an interlocutory sale is necessary to preserve the availability of equity in the Lynnfield Property.  See United States v. McDonough, No. 05-cr-891, 2007 WL 2317103, at *1-2 (N.D. Ill. Aug. 1, 2007) (ordering an interlocutory sale pursuant to § 853(e) where mortgage, property taxes and insurance were not being paid).

**ORDER**

In accordance with the foregoing, the government's motion to compel compliance with order for interlocutory sale (Docket No. 517) is **ALLOWED** and the defendant's motion to vacate order for interlocutory sale (Docket No. 520) is **DENIED**.  Defendant's motion to preclude law enforcement from entering her home (Docket No. 516) and the joint motion to defer rulings (Docket No. 537) are **DENIED** as **MOOT**.  The defendant shall vacate the Lynnfield Property and, pursuant to the March 7, 2008 interlocutory sale order, execute all documents necessary to facilitate a sale by the United States, within 45 days of the date of this order.

**So ordered.**

                                                /s/ Nathaniel M. Gorton
                                                Nathaniel M. Gorton
                                                United States District Judge

Dated January 26, 2009