```
                    United States District Court
                      District of Massachusetts
_____
                              )
UNITED STATES OF AMERICA      )
                              )
        v.                    )
                              )   Criminal No.
FRANK IACABONI,               )   05-10003-NMG
                              )
        Defendant.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Before the Court are two motions to reconsider filed on behalf of defendant Frank Iacaboni ("Iacaboni").

## I. Background

On April 22, 2009, after an eight-week trial, Iacaboni was convicted by a jury on various charges, including illegal gambling, conspiracy to commit arson and arson. On April 28, 2009, Iacaboni filed a motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) and a motion for a new trial pursuant to Rule 33. Both motions were timely filed and were denied by endorsement on May 8, 2009.

On May 15, 2009, Attorney Alan Caplan filed a notice of appearance for Iacaboni who was represented by other counsel at trial. After moving for and being granted a continuance of the sentencing, Attorney Caplan, on behalf of Iacaboni, filed a motion for reconsideration of the Court's denial of his Rule

-1-

29(c) motion on August 30, 2009.  The government filed its opposition to that motion on October 2, 2009 to which Iacaboni filed, without leave of court, a reply on October 9, 2009. Subsequently, the government filed a sur-reply and Iacaboni a response to that sur-reply, both without leave of court.

In the meantime, on October 5, 2009, Iacaboni filed a motion for reconsideration of the denial of his motion for a new trial. The government opposed that motion on October 16, 2009.  Again, without leave of court, Iacaboni filed a reply to the government's opposition, the government filed a sur-reply and Iacaboni filed what he described as a "first reply" to the sur-reply.[1]

## II. Analysis

### A. Legal Standard

The Federal Rules of Criminal Procedure, unlike the Rules of Civil Procedure, do not expressly contemplate motions for reconsideration.  Invoking judicial economy concerns, however, some courts have considered such motions in criminal cases. E.g., United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982). The First Circuit does not appear to have ruled directly on the issue.

---

[1] The Court is displeased with this overly-papered motion practice which has proceeded in violation of Local Rule 7.1(B)(3).  If the practice is repeated, sanctions will be imposed.

With no explicit guidance from the criminal rules, courts considering reconsideration motions in criminal cases generally borrow standards either from civil cases or from the local rules. Thus, even assuming that such a motion should be considered, it is appropriate only

> if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.

United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). Importantly, motions for reconsideration are not to be employed to "allow a party to advance arguments that could and should have been presented to the district court [previously]." Id. (citations omitted).

**B.   Application**

**1.   Motion to reconsider the Rule 29(c) motion**

Iacaboni requests reconsideration of this Court's denial of his motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c). Specifically, he contends that the evidence was insufficient to convict him of the arson conspiracy and that because that conviction is a prerequisite of a majority of the remaining charges, he must also be acquitted of those. He also argues that the two gambling charges were multiplicitous.

The government responds that Iacaboni's motion does not meet (or even attempt to meet) the high burden for a motion to reconsider. In particular, the government asserts that, by his

own admission, Iacaboni seeks to advance new arguments based on evidence and cases that existed prior to the filing of the original Rule 29(c) motion in April, 2009. That is explicitly prohibited with respect to a motion to reconsider and, as such, Iacaboni's motion is, instead, a second, original motion for acquittal under Rule 29(c). As such, it is untimely because it was filed (much) more than seven days after the verdict. The government also refutes the substance of Iacaboni's arguments.

    The government is correct and Iacaboni's exorbitant effort to convince the Court otherwise is unavailing. He continuously and vigorously maintains that the Court may consider a motion for reconsideration in a criminal case and, as such, he is not incorrect. That, however, misconstrues the government's argument. Whether the court may reconsider motions in criminal cases is beside the point because what Iacaboni has submitted is not a proper motion for reconsideration. He does not invoke or attempt to meet the standard for such a motion but instead seeks to submit an entirely new Rule 29 motion months after the seven-day deadline has expired. He contends that the First Circuit's standards for reconsideration are merely guidelines, not a "straight jacket" but he cites no authority for that contention. For reconsideration the First Circuit requires a showing of newly discovered evidence or manifest error of law, neither of which Iacaboni has demonstrated. His submission is a series of

arguments that could and should have been previously presented to the district court and accordingly the motion will be denied.[2] Allen, 573 F.3d at 53.

### 2. Motion to reconsider the Rule 33 motion

Iacaboni has also filed a motion to reconsider the denial of his motion for a new trial. Specifically, he invokes the same sufficiency-of-the-evidence argument from his Rule 29 motion as well as evidentiary arguments about limiting testimony from law enforcement officers. Objections to that testimony were heard and overruled at trial but here defendant claims to rely on case law not previously brought to the Court's attention. Finally, although acknowledging that Rule 33 motions are reserved for "exceptional cases", he maintains that Rule 33 gives the Court greater discretion than does Rule 29.

The government's response is similar to its response to Iacaboni's Rule 29 motion. It contends that the motion is not one to reconsider because Iacaboni's initial Rule 33 motion was short and conclusory and thus there is nothing to reconsider. Rather, the instant motion contains arguments not previously made and thus is, in effect, a second Rule 33 motion that should be denied as time-barred. As before, the government rebuts

---

[2] Iacaboni cites one First Circuit case decided after May 8, 2009. Nonetheless, he does not contend that the case represents any relevant change in the law and thus it is not grounds for reconsidering this Court's prior ruling.

Iacaboni's substantive points and reiterates the movant's extremely high burden under Rule 33.

The Court will deny the defendant's motion to reconsider because, again, the motion is based upon arguments that could and should have been presented previously.  Indeed, Iacaboni acknowledges as much when he asserts in his memorandum his intent to bring cases with respect to the testimony of law enforcement officers to the Court's attention for the first time.  In a footnote, the defendant proclaims that the government

> appears to misapprehend the very nature of a reconsideration motion, which is to request that the Court reach a different **conclusion**, which may or may not include additional arguments.

(emphasis in original).  It is Iacaboni, however, who misapprehends motions to reconsider.  As held repeatedly, they are not a vehicle for resuscitating a motion with "additional arguments" that could and should have been raised previously and that is precisely what the defendant attempts to do here.  Allen, 573 F.3d at 53.

### 3.  Iacaboni's substantive arguments

Although the conclusions above are sufficient to deny Iacaboni's motions, the Court has also carefully considered the substance of his arguments and the government's responses.  The Court finds the government's argument persuasive.  With respect to the sufficiency-of-the-evidence contention, whatever weight the finder of fact may or may not have given to Iacaboni's

arguments if previously presented, the Court is not now, nor has it ever been, in the position of the jury.  Rather, the defendant must overcome two high hurdles here: 1) the burden of overturning a jury verdict under Rule 29 (or for a new trial under Rule 33) and 2) the burden with respect to a motion to reconsider an already-decided motion.  With respect to the testimony of law enforcement officers, the Court heard and considered similar objections at trial and citations to additional cases simply do not render this an "exceptional case" worthy of a remedy "sparingly used" to grant a new trial.  See United States v. Leach, 427 F.2d 1107, 1111 (1st Cir. 1970).  The evidence was properly before the jury which subsequently reached a verdict adverse to the defendant Iacaboni.  He has a right to appeal.

In short, nothing substantive from Iacaboni's profuse filings warrants overruling the jury that this Court empaneled and charged with great care or reconsidering the Court's legal rulings.  The defendant's arguments are preserved for another forum but his motions here will be denied.

**ORDER**

In accordance with the foregoing, the defendant's motions to reconsider (Docket Nos. 858 and 878) are **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 3, 2009